UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERRAGIO, LTD.,<br><br>              Plaintiff,<br><br>     -against-<br><br>WALMART STORES, INC. and K & M ASSOCIATES, L.P.,<br><br>              Defendants. | Civil Action No.: 1:18-cv-10620-GHW<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Tucker Ellis LLP, files its Second Amended complaint against Walmart Stores, Inc. ("Walmart"), and K & M Associates, L.P. ("K&M") (collectively, "Defendants") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq*., and 17 U.S.C. §§ 101, *et seq*., respectively. This Court has subject matter jurisdiction over the claims in this Second Amended Complaint which relate to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The claims alleged in this action arose in the Southern District of New York; the Defendants transact business in the Southern District of New York; and this Court has personal jurisdiction over Defendants.

### Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Verragio is informed and believes, and on that basis alleges, that Walmart has its principal place of business at 702 S.W. Eighth Street, Bentonville, Arkansas 72716.

5. Verragio is informed and believes, and on that basis alleges, that Defendant K&M has its principal place of business at 425 Dexter Street, Providence, Rhode Island 02907.

6. This Court has personal jurisdiction over Defendants because Defendants regularly transact business and have other related activities within the Southern District of New York. This Court also has personal jurisdiction over Defendants because Defendants have threatened and are causing actual harm to Verragio, Defendants' actions are aimed at Verragio, and the brunt of the harm Defendants knew would be suffered by Verragio are within this Judicial District.

## The Business of Verragio

7. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

8. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

9. Among Nisguretsky's jewelry designs is AFN-5013R, which is an original design comprising copyrightable subject matter under the laws of the United States.

10. AFN-5013R is part of Verragio's Venetian Collection.

11. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyright in AFN-5013R (VAu 1-027-588). A picture of AFN-5013R is attached to this Second Amended Complaint as Exhibit A.

12. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN-5013R (VAu 1-027-588), a copy of which is attached to this Second Amended Complaint as Exhibit B.

13. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including AFN-5013R.

14. Since its creation, AFN-5013R has been manufactured by Verragio, or under its authority.

15. Each engagement ring in Verragio's Venetian Collection, as well as in most of the other Verragio collections, contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design." Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 5,467,684. A copy of the Registration Certificate for this registration is attached to this Second Amended Complaint as Exhibit C.

16. Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

17. Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

18. Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States. These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

19. Verragio jewelry bearing the Verragio Crest has had outstanding commercial success. As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

## The Business of Defendants

20. Verragio is informed and believes, and on that basis alleges, that K&M is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

21. Verragio is informed and believes, and on that basis alleges, that Walmart is a retailer that sells jewelry in direct competition with retailers that purchase jewelry from Verragio.

22. Verragio is informed and believes, and on that basis alleges, that Defendants sells their jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

23. Verragio is informed and believes, and on that basis alleges, that Defendants sell its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically market their jewelry within this Judicial District.

24. Verragio has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of AFN-5013R, or any other copyrighted ring design licensed to Verragio.

25. Verragio has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

26. Verragio is informed and believes, and on that basis alleges, that Defendants has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry design of AFN-5013R, and other copyrighted ring designs licensed to Verragio.

27. Verragio is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

28. Pictures of one of these unauthorized and infringing pieces of jewelry are attached to this Second Amended Complaint as Exhibit D.

## First Cause of Action

### (Direct Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

29. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 28 of this Second Amended Complaint as though fully set forth.

30. Defendants' acts constitute infringement of Verragio's licensed copyrights in AFN-5013R in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

31. A comparison of the jewelry design of AFN-5013R to Defendants' infringing ring follows:

 

Verragio Style No. AFN-5013R          Defendants' Ring

 

Verragio Style No. AFN-5013R          Defendants' Ring

32. Verragio is informed and believes, and on that basis alleges, that Defendants' manufacture, distribution, duplication and/or sale of infringing copies of AFN-5013R was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

33. Walmart has acted willfully by selling infringing rings as late as October 29, 2018, more than 4 months after Walmart received a cease and desist letter from Verragio.  A receipt showing the purchase of the infringing ring from Walmart on October 29, 2018 is attached to this Second Amended Complaint as Exhibit E.

34. Defendants' copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN-5013R and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined.  In addition, Verragio is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

35. Defendants' copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendants' acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.  Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN-5013R and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

36. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

37. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 36 of this Second Amended Complaint as though fully set forth here.

38. Defendants' use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

39. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

40. Defendants have unfairly profited from the trademark infringement alleged.

41. By reason of Defendants' acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

42. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

43. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

44. By reason of Defendants' acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

45. By reason of Defendants' willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

46. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Third Cause of Action

## (Trademark Infringement and False Designation of Origin

## Under 15 U.S.C. § 1125(a))

47. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 46 of this Second Amended Complaint as though fully set forth.

48. Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

49. Defendants' use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

50. The above-described acts of Defendants constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

51. Verragio is being damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that purchasers of Defendants' goods will be confused or mistaken as to source, sponsorship or affiliation of Defendants' jewelry.

52. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

53. By reason of the above-described acts of Defendants, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

54. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

55. The above-described acts of Defendants have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

56. By reason of the above-described acts of Defendants, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

57. Because the above-described acts of Defendants were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

58. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Fourth Cause of Action

### (Vicarious Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

59. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 58 of this Second Amended Complaint as though fully set forth.

60. Verragio is informed and believes, and upon that basis alleges, that Walmart had and has the right and ability to supervise or control the sale of jewelry at its stores that infringes Verragio's copyrights.

61. Verragio is informed and believes, and upon that basis alleges, that Walmart declined and declines to exercise its right and ability to supervise or control the sale of jewelry at its stores that infringes Verragio's copyrights

62. Walmart had and has a direct financial interest in the sale of jewelry at its stores that infringes Verragio's copyrights.

63. Walmart continues to act willfully by selling infringing rings as late as March 2019, nearly one year after Walmart received a cease and desist letter from Verragio.

64. Walmart's vicarious copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN-5013R and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Walmart from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

65. Walmart's vicarious copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Walmart's acts and continuing acts. Verragio's

remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Walmart. Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN-5013R and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

66. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Fifth Cause of Action

### (Contributory Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

67. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 66 of this Second Amended Complaint as though fully set forth.

68. Walmart has had knowledge since April 2018 that jewelry being sold at its stores infringe the copyrights of Verragio.

69. Walmart continues to act willfully by selling infringing rings as late as March 2019, nearly one year after Walmart received a cease and desist letter from Verragio.

70. Walmart contributes to the direct infringing activity of K&M by advertising or promoting the sale of infringing rings at its stores.

71. Walmart contributes to the direct infringing activity of K&M by continuing to sell infringing rings at its stores.

72. Walmart's contributory copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN-5013R and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Walmart from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to

recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

73. Walmart's contributory copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Walmart's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Walmart. Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN-5013R and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

74. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Prayer for Relief

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants that Defendants have:
    a. infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;
    b. infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114; and
    c. infringed the rights of Verragio in the Verragio Crest in violation of 15 U.S.C. § 1125.
2. That each of the above acts by Defendants were willful.
3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

  (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is confusingly similar to the Verragio Crest, or that is substantially similar to AFN-5013R, or any other copyrighted design licensed to Verragio;

  (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

  (c) engaging in any other activity constituting an infringement of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

  (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Verragio be awarded damages for Defendants' trademark infringement, and unfair competition.

5. That Verragio be awarded Defendants' profits resulting from its infringement of Verragio's trademark.

6. That Defendants be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Verragio be awarded damages for Defendants' copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as

set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That Verragio be awarded all profits and property acquired by means of Defendants' unfair competition with Verragio.

10. That Verragio be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

11. That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

    (a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Crest or infringing copies of Verragio's licensed copyrighted jewelry designs;

    (b) engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and

    (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 11(a) through 11(b) above.

12. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

13. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

14. That the Court award Verragio its costs of suit incurred herein.

15. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED:  April 16, 2019                              Respectfully submitted,

**TUCKER ELLIS LLP**

By:  */s/ Howard A. Kroll*
        Howard A. Kroll
515 South Flower Street, 42nd Floor
Los Angeles, CA  90071
Telephone:  213-430-3400
Facsimile:   213-430-3409
howard.kroll@tuckerellis.com
*Attorneys for Plaintiff VERRAGIO, LTD.*

14

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

DATED: April 16, 2019

Respectfully submitted,

**TUCKER ELLIS LLP**

By: */s/ Howard A. Kroll*
     Howard A. Kroll
515 South Flower Street, 42nd Floor
Los Angeles, CA  90071
Telephone:  213-430-3400
Facsimile:   213-430-3409
howard.kroll@tuckerellis.com
*Attorneys for Plaintiff VERRAGIO, LTD.*

1412739.2