

| | Partners | Founding Partners | Associates | Of Counsel |
|---|---|---|---|---|
| | Daniel Ebenstein | Morton Amster (*1927 - 2019*) | Benjamin Charkow | Philip H. Gottfried |
| | Neil M. Zipkin | Jesse Rothstein (*1934 - 2003*) | Suzue Fujimori | |
| | Anthony F. Lo Cicero | | Hajime Sakai, Ph.D. | |
| | Kenneth P. George | *Senior Counsel* | David P. Goldberg | |
| | Chester Rothstein | Marion P. Metelski | Sandra A. Hudak | |
| | Charles R. Macedo | Alan D. Miller, Ph.D. | Tuvia Rotberg | |
| | Douglas A. Miro | Marc J. Jason | Dexter Chang | |
| | Brian A. Comack | Richard S. Mandaro | Keith J. Barkaus | |
| | Max Vern | Matthieu Hausig | Michael R. Jones | |
| | Holly Pekowsky | Brian Amos, Ph.D. | Christopher Lisiewski | |
| | Benjamin M. Halpern★ | | Albert J. Boardman | ★ Not admitted in New York |
| | Mark Berkowitz | | Chandler Sturm | |
| | Charles P. LaPolla | | | |

90 Park Avenue
New York NY 10016

Main   212 336 8000
Fax    212 336 8001
Web    www.arelaw.com

Anthony F. LoCicero
Direct 212 336 8110
E‑mail alocicero@arelaw.com

# MEMORANDUM ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2021
```

September 1, 2020

**Via ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Verragio, Ltd. v. Walmart Inc., et. al*., Case No. 1:18-cv-10620-GHW
       Letter Application Seeking Leave to File Under Seal

Dear Judge Woods:

  We write on behalf of Defendants Walmart Inc. ("Walmart") and K&M Associates, L.P. ("K&M") (collectively, "Defendants") in the above-referenced action. Defendants respectfully request permission to file under seal certain confidential information included in Defendants' Pretrial Memorandum of Law ("Memorandum"). This same information was previously filed under seal during the summary judgment phase with the Court's permission. During the March 23, 2020 telephonic conference conducted before Your Honor, you granted Defendants permission to file four categories of confidential financial information under seal, namely, (1) information regarding sales volume and forecasts; (2) information regarding profits from sales of the ring; (3) information regarding the Pay From Scan program, including a contract between Walmart and K&M; and (4) quantitative importance of Walmart as a customer for K&M. ECF No. 75. Defendants seek to file this same confidential information again under seal.

  Although there is a presumption in favor of public access to judicial documents, a court may seal judicial documents if "sealing is necessary to preserve higher values" and "only if the sealing is narrowly tailored." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Such "higher

Hon. Gregory H. Woods			2			September 1, 2020

values" include the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"). This Court regularly seals judicial documents where such confidential business information would be disclosed. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Defendants would suffer harm if the information contained in the Memorandum were publicly disclosed because it contains sensitive commercial information of Defendants. This information would not otherwise be publicly available, and it would be prejudicial to the Defendants if their competitors were made privy to this type of confidential information. Courts routinely find that confidential business information is the type of sensitive information that may warrant sealing. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would provide valuable insights into a company's current business practices that a competitor would seek to exploit, including their volume of business.)

For the above reasons, Defendants respectfully request that this request for permission to seal the Memorandum be granted only to the extent that the Memorandum includes information which falls in one of four categories for which the requests for permission to seal was granted by the Court on March 24, 2020. ECF No. 75.

---

Application granted in part and denied in part. In Mirlis v. Greer, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" Id. (quoting United States v. Erie Cty., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting Amodeo, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id.

Having evaluated these factors, the motion to seal is granted in part and denied in part. The documents may remain sealed until trial. The Court expects to order them unsealed at trial. The documents are judicial documents. The weight of the presumption prior to trial is low. At trial, however, when the evidence is expected to be introduced on the public record, the weight will be very high. While the factors that counsel against disclosure counsel against disclosure for the reasons previously identified by the Court, see Dkt. No. 75, outweigh the public's interest in disclosure of the sealed record prior to their use at trial, they will no longer do so when the evidence is presented in open court. As a result, the documents may remain under seal until the commencement of trial. At trial, the Court expects to order the unsealing of any documents or evidence that will be placed on the public record at trial.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 97.

SO ORDERED.
Dated:  September 25, 2021
New York, New York

			_____
			GREGORY H. WOODS
			United States District Judge

4821-5250-6569v.1