

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

**MEMORANDUM ENDORSED**

September 1, 2020

DIRECT DIAL 213.430.3365 | howard.kroll@tuckerellis.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_________________
DATE FILED: 9/25/2021

Hon. Gregory H. Woods
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

Re: *Verragio, Ltd. v. Walmart Stores, Inc., et al.*
USDC - SDNY Civil Action No.: 1:18-cv-10620-GHW
Letter Application Seeking Leave to File Under Seal

Dear Judge Woods:

We write on behalf of Defendants Walmart Inc. ("Walmart") and K&M Associates, L.P. ("K&M") (collectively, "Defendants") and Plaintiff Verragio, Ltd. ("Verragio") in the above-referenced action. Defendants and Verragio respectfully request permission to file under seal certain confidential information included as part of the joint pretrial order and other pretrial submissions ("Pretrial Submissions"). This same information was previously filed under seal during the summary judgment phase with the Court's permission. During the March 23, 2020 telephonic conference conducted before Your Honor, you granted Defendants permission to file four categories of confidential financial information under seal, namely, (1) information regarding sales volume and forecasts; (2) information regarding profits from sales of the ring; (3) information regarding the Pay From Scan program, including a contract between Walmart and K&M; and (4) quantitative importance of Walmart as a customer for K&M. ECF No. 75. Defendants and Verragio seek to file this same confidential information again under seal.

Although there is a presumption in favor of public access to judicial documents, a court may seal judicial documents if "sealing is necessary to preserve higher values" and "only if the sealing is narrowly tailored." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Such "higher values" include the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"). This Court regularly seals judicial documents where such confidential business information would be disclosed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

CHICAGO CLEVELAND COLUMBUS HOUSTON LOS ANGELES SAN FRANCISCO ST. LOUIS | tuckerellis.com





Moreover, the Court routinely finds that the presumption of public access is of lesser weight with respect to joint pretrial order:

> With regard to the Joint Pretrial Order, the Court finds that the presumption of public access to be of lesser weight. While the Order is, as its name suggests, approved by the Court, it does not constitute a substantive adjudication. In addition, although the Order may contain stipulated facts and/or other admissions by the parties that may ultimately affect the outcome, one of the principal functions of the Order is simply organizational in nature.

*Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (ordering the parties to be prepared to discuss redactions at the pretrial conference).

For the above reasons, Defendants and Verragio respectfully request that this request for permission to seal the Pretrial Submissions be granted only to the extent that the Pretrial Submissions include information which falls in one of four categories for which the requests for permission to seal was granted by the Court on March 24, 2020. ECF No. 75.

Respectfully submitted,

TUCKER ELLIS LLP

Howard A. Kroll

Howard A. Kroll

Application granted in part and denied in part. In Mirlis v. Greer, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" Id. (quoting United States v. Erie Cty., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting Amodeo, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id.

Having evaluated these factors, the motion to seal is granted in part and denied in part. The documents may remain sealed until trial. The Court expects to order them unsealed at trial. The documents are judicial documents. The weight of the presumption prior to trial is low. At trial, however, when the evidence is expected to be introduced on the public record, the weight will be very high. While the factors that counsel against disclosure counsel against disclosure for the reasons previously identified by the Court, see Dkt. No. 75, outweigh the public's interest in disclosure of the sealed record prior to their use at trial, they will no longer do so when the evidence is presented in open court. As a result, the documents may remain under seal until the commencement of trial. At trial, the Court expects to order the unsealing of any documents or evidence that will be placed on the public record at trial.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 100.

SO ORDERED.
Dated: September 25, 2021
New York, New York

GREGORY H. WOODS
United States District Judge

1531674.1