# **<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERRAGIO, LTD., <br><br> Plaintiff, <br><br> -against- <br><br> WALMART STORES, INC. and K & M ASSOCIATES, L.P., <br><br> Defendants. | Civil Action No.: 1:18-cv-10620-GHW |

**REVISED PROPOSED JOINT JURY INSTRUCTIONS**

I. <u>**PRELIMINARY INSTRUCTIONS**</u>

<u>**PRELIMINARY INSTRUCTION NO. 12 [*PLAINTIFF'S* PROPOSAL]**</u>

<u>**SUMMARY OF CONTENTIONS – COPYRIGHT CONTENTIONS**</u>

**[Plaintiff's Position: The Response of the Register of Copyrights is based on facts that are, at the least, disputed. Therefore, a summary of the conclusions reached by the Register based on either incorrect or disputed facts should not be read to the jury. Defendants' invalidity defense is premised on whether AFN-5013P was published before Mr. Nisguretsky filed his application for AFN-5013R-4 on May 11, 2010]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that it is the owner of a valid copyright for an engagement ring known as AFN-5013R-4. The plaintiff also asserts that defendants have created, manufactured, distributed and sold a copy of that engagement ring in violation of the plaintiff's copyright. The plaintiff asserts that defendants' ring infringes plaintiff's copyright because defendant's ring is substantially similar to plaintiff's copyrighted ring design and has the same look and feel. The plaintiff is seeking damages for this infringement. The plaintiff has the burden of proving these claims.

The defendants deny those claims and assert that the accused ring did not infringe the plaintiff's ring design because the rings are not substantially similar. In addition, the defendants assert that the plaintiff's copyright registration is invalid due to the knowing failure of the designer to inform the Copyright Office in the application to register that the design contains copyrightable material that appeared in a preexisting published or registered work before May 11, 2010.[1] The defendants also assert that the plaintiff's ring design was not a significant factor in customers' decisions to purchase the accused ring and that the plaintiff is not entitled to the damages it seeks. The defendants have the burden of proving these claims.

---

[1] Plaintiff objects to Defendants' ability to challenge the validity of the copyright registration for AFN-5013R-4. Neither the facts nor the law support Defendants' claim that, prior to May 11, 2010 when the copyright application for AFN-5013R-4 was filed, there existed a preexisting published or registered work that contained copyrightable material found in AFN-5013R-4.

The plaintiff denies those claims asserted by the defendants and assert that prior to May 11, 2020 there was not a preexisting published or registered work that contained copyrightable material found in AFN-5013R-4.

## PRELIMINARY INSTRUCTION NO. 12 [*DEFENDANTS' PROPOSAL*]

## SUMMARY OF CONTENTIONS – COPYRIGHT CONTENTIONS

[DEFENDANTS' POSITION: THIS PROPOSED INSTURCTION CLARIFIES THAT THE '588 REGISTRATION IS THE ONLY COPYRIGHT REGISTRATION AT ISSUE AND ACCURATELY REFLECTS ADVICE OF THE REGISTER OF THE COPYRIGHT OFFICE ON THE '588 REGISTRATION.]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that it is the owner of a valid copyright registration VAu 1-027-588 for an engagement ring known as AFN-5013R-4, which is the only copyright registration asserted for infringement in this action. We will call the copyright registration as the '588 Registration. The plaintiff also asserts that defendants have created, manufactured, distributed and sold a copy of that engagement ring in violation of the '588 Registration. The plaintiff asserts that defendants' ring infringes the '588 Registration because defendant's ring is substantially similar to plaintiff's ring design protected as the '588 Registration and has the same look and feel. The plaintiff is seeking damages for this infringement. The plaintiff has the burden of proving these claims.

The defendants deny those claims and assert that the accused ring did not infringe the '588 Registration because the rings are not substantially similar. In addition, the defendants assert that the '588 Registration is invalid due to the knowing failure of the designer to inform the Copyright Office in the application to register that the ring design is based on preexisting and previously published design. The Register of the Copyright Office has confirmed that if it had known that the design protected as the '588 Registration was based on a preexisting and previously published design, the Copyright Office would not have issued the '588 Registration. The defendants also assert that the plaintiff's ring design was not a significant factor in customers' decisions to purchase the accused ring and that the plaintiff is not entitled to the damages it seeks. The defendants have the burden of proving these claims.

## II.  CLOSING INSTRUCTIONS – GENERAL

### FINAL INSTRUCTION NO. 25 [*PLAINTIFF'S* PROPOSAL]

### CHALLENGING VALIDITY OF REGISTERED COPYRIGHT

### (17 U.S.C. §§ 409, 411(b))[2]

**[Plaintiff's Position: The Response of the Register of Copyrights is based on facts that are, at the least, disputed. Therefore, a summary of the conclusions reached by the Register based on either incorrect or disputed facts should not be read to the jury]**

An application for copyright registration must include, in the case of a derivative work, an identification of any preexisting work or works if the work incorporates substantial amounts of previously published material. The defendants seek to establish invalidity of the plaintiff's copyright registration VAu 1-027-588 due to fraud on the Copyright Office.  The defendants bear the burden of showing that the application for this copyright registration was factually inaccurate because it failed to inform the Copyright Office that the design contained copyrightable material that appeared in previous published versions of the same design.[3] The defendants also bear the burden of showing that the inaccurate information was included on the application for copyright registration willfully or deliberately with knowledge that it was inaccurate. Finally, the defendants have the burden of showing that the inaccuracy of the information, if known, would have caused the Copyright Office to refuse the registration.

---

[2] Plaintiff objects to Defendants' ability to challenge the validity of the copyright registration for AFN-5013R-4. Neither the facts nor the law support Defendants' claim that, prior to May 11, 2010 when the copyright application for AFN-5013R-4 was filed, there existed a preexisting published or registered work that contained copyrightable material found in AFN-5013R-4.

[3] Response of Register of Copyrights, Dkt 229.

**FINAL INSTRUCTION NO. 25 [*DEFENDANTS' PROPOSAL*]**
**CHALLENGING VALIDITY OF REGISTERED COPYRIGHT**

**(17 U.S.C. §§ 409, 411(b))**

[DEFENDANTS' POSITION: THIS PROPOSED INSTRUCTION REFLECTS ADVICE OF THE REGISTER OF THE COPYRIGHT OFFICE PROVIDED UNDER SECTION 411(b)]

An application for copyright registration must include, in the case of a derivative work, an identification of any preexisting work or works if the work is based on or incorporates, and a brief, general statement of the additional new material covered by the copyright claim for which registration is sought. The defendants seek to establish invalidity of the plaintiff's copyright registration VAu 1-027-588 due to inaccurate statements and/or omission of material information made by the author to the Copyright Office with knowledge that they were inaccurate, namely, that the statement that the design was new and failure to disclose that the design was actually based on a preexisting and previously published design.  The Register of the Copyright Office has confirmed that it would have refused registration if it had known that the AFN-5013R-4 ring design was based on a preexisting and previously published design that the designer did not disclose to the Copyright Office, namely AFN-5013P which was published on January 1, 2010.  The defendants bear the burden of showing that the application for this copyright registration included inaccurate information, and Mr. Nisguretsky, the author of the ring design, knew or should have known about the inaccuracy.

## FINAL INSTRUCTION NO. 25A

## PUBLICATION [*PLAINTIFF'S* PROPOSAL]

## (17 U.S.C. § 101)[4]

**[Plaintiff's Position: Defendants' filed their Amended Fourth Affirmative Defense after the close of discovery on April 14, 2021. Their invalidity defense is premised on whether AFN-5013P was published before Mr. Nisguretsky filed his application for AFN-5013R-4. If this issue is presented to the jury, the jury needs to understand when a "publication" occurs.]**

"Publication" is the distribution of copies of a work to the public by sale or other transfer of ownership, or by rental, lease or lending. The offering to distribute copies to a group of persons for purposes of further distribution or public display constitutes publication only if the copies are available for distribution when the offer is made.[5] A display of a work does not of itself constitute publication.

---

[4] Plaintiff objects to Defendants' ability to challenge the validity of the copyright registration for AFN-5013R-4. Neither the facts nor the law support Defendants' claim that, prior to May 11, 2010 when the copyright application for AFN-5013R-4 was filed, there existed a preexisting published or registered work that contained copyrightable material found in AFN-5013R-4.

[5] U.S. Copyright Office, Compendium of U.S. Copyright Practices § 1906.3 (3d ed. 2017); *Beverly Hills Teddy Bear Company v. Best Brands Consumer Products, Inc.,* 1:19-cv-3766-GHW, 2020 WL 3000343 at *6 (S.D.N.Y. June 4, 2020)

## FINAL INSTRUCTION NO. 25A [DEFENDANTS' PROPOSAL]

## PUBLICATION

## (17 U.S.C. § 101)

[DEFENDANTS' POSITION: INSTRUCTION CONCERNING PUBLICATION IS UNECESSARY, BECAUSE THE '588 REGISTRATION IS FOR UNPUBLISHED WORK, AND THE COPYRIGHT REGISTRATION VA 1-825-563 FOR AFN-5013P RING CLEARLY PROVIDES ITS DATE OF FIRST PUBLCATION AS JANUARY 1, 2010.  DISCOVERY WAS OVER IN MAY 2019 AND PLAINTIFF'S ATTEMPT TO CHANGE THE PUBLICATION DATE OF WORK FOR EITHER REGISTRATION TO CIRCUMVENT THE ADVICES OF THE REGISTER OF THE COPYRIGHT OFFICE THAT WAS UNFABORABLE TO PLAINTIFF MUST NOT BE ALLOWED. IF INSTRUCTION CONCERNING PUBLICATION SHOULD BE PROVIDED TO JURY, DEFENDANTS PROPOSE WHAT IS PROVIDED IN THE COPYRIGHT LAW.]

"Publication" is the distribution of copies of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies to a group of persons for purposes of further distribution or public display constitutes publication. A public display of a work does not of itself constitute publication.

DATED:  December 5, 2022   Respectfully submitted,

                                              **TUCKER ELLIS LLP**

By:*/s/ Howard A. Kroll*
     Howard A. Kroll
515 South Flower Street, 42nd Floor
Los Angeles, CA  90071

Telephone:     213-430-3400
Facsimile:     213-430-3409
howard.kroll@tuckerellis.com

Attorneys for Plaintiff VERRAGIO, LTD.

**AMSTER, ROTHSTEIN & EBENSTEIN, LLP**

By:  */s/ Anthony F. LoCicero*
     Anthony F. LoCicero
90 Park Avenue
New York, NY  10016
Telephone:  212-336-8000
Facsimile:  212-336-8001

Attorneys for Defendants WALMART INC. F/K/A WAL-MART STORES, INC. and K & M ASSOCIATES, L.P.