# **<u>EXHIBIT B</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                    :
VERRAGIO, LTD.,                                     :
                                                    :   Case No. 1:18-cv-10620 (GHW)
                        Plaintiff,                  :
                                                    :
        v.                                          :
                                                    :
WALMART INC. f/k/a WAL-MART STORES,                 :
INC. and K&M ASSOCIATES, L.P.,                      :
                                                    :
                        Defendants.                 :
-----------------------------------------------------------------x
```

**PLAINTIFF'S PROPOSED VERDICT FORM**

A.      **<u>Validity of Copyright Registration[6]</u>**:

1.      Do you find that Defendants have established by a preponderance of the evidence that the ring design for AFN-5013P was published prior to May 11, 2010? If so, check YES; otherwise, check NO.

    \_\_\_\_\_ YES

    \_\_\_\_\_ NO

If your answer to Question No. 1 is NO, you may skip Question Nos. 2 and 3, and continue to Section B.

2.      Do you find that Defendants have established by a preponderance of the evidence that Barry Nisguretsky knew that the ring design for AFN-5013P was published prior to May 11, 2010 and deliberately and willfully withheld that information from the Copyright Office when he submitted the copyright application for AFN-5013R-4. If so, check YES; otherwise, check NO.

    \_\_\_\_\_ YES

    \_\_\_\_\_ NO

If your answer to Question No. 2 is NO, you may skip Question No. 3 and continue to Section B.

3.      Do you find that Defendants have established by a preponderance of the evidence that Plaintiff's U.S. Copyright Registration VAu 1-027-588 for ring design AFN-5013R-4 is invalid? If so, check YES; otherwise, check NO.

    \_\_\_\_\_ YES

    \_\_\_\_\_ NO

If your answer to Question No. 3 is YES, your deliberations are completed. If your answer to Question No. 3 is NO, please continue to Section B.

---

[6] Plaintiff objects to Defendants' ability to challenge the validity of the copyright registration for AFN-5013R-4. Neither the facts nor the law support Defendants' claim that, prior to May 11, 2010 when the copyright application for AFN-5013R-4 was filed, there existed a preexisting published or registered work that contained copyrightable material found in AFN-5013R-4.

B.   **Copyright Infringement As Against K&M**:

4. Do you find that Verragio has established by a preponderance of the evidence that K&M infringed Verragio's ring design AFN-5013R-4 by selling the Accused Ring? If so, check YES; otherwise, check NO.

  \_\_\_\_\_ YES

  \_\_\_\_\_ NO

If your answer to Question No. 4 is NO, you may skip Question No. 5 and continue to Section C.

5. Do you find that Verragio has established by a preponderance of the evidence that K&M's infringement of Verragio's ring design 5013R-4 was willful? If so, check YES; otherwise, check NO.

  \_\_\_\_\_ YES

  \_\_\_\_\_ NO

Please continue to Section C.

C.   **Copyright Infringement As Against Walmart**:

6. Do you find that Verragio has established by a preponderance of the evidence that Walmart directly infringed Verragio's ring design AFN-5013R-4 by selling the Accused Ring at Walmart stores. If so, check YES; otherwise, check NO.

  \_\_\_\_\_ YES

  \_\_\_\_\_ NO

Please continue to Question No. 7.

7. Do you find that Verragio has established by a preponderance of the evidence that Walmart had the right and ability to supervise and control sales of the Accused Ring at Walmart stores. If so, check YES; otherwise, check NO.

\_\_\_\_\_ YES

\_\_\_\_\_ NO

If your answer to Question No. 7 is NO, you may skip Question No. 8, and continue to Question No. 9.

8. Do you find that Verragio has established by a preponderance of the evidence that Walmart vicariously infringed Verragio's ring design AFN-5013R-4 by selling the Accused Ring at Walmart stores. If so, check YES; otherwise, check NO.

\_\_\_\_\_ YES

\_\_\_\_\_ NO

Please continue to Question No. 9.

9. Do you find that Verragio has established by a preponderance of the evidence that Walmart contributed to the infringement of Verragio's ring design AFN-5013R-4 by continuing to sell the Accused Ring after notice of the infringement. If so, check YES; otherwise, check NO.

\_\_\_\_\_ YES

\_\_\_\_\_ NO

If you answered YES to Question Nos. 6, 8 **or** 9, please answer Question No. 10. If you answered NO to Question Nos. 6, 8 **and** 9, you may skip Question No. 10 and continue to Section D.

10. Do you find that Verragio has established by a preponderance of the evidence that Walmart's infringement of Verragio's ring design 5013R-4 was willful? If so, check YES; otherwise, check NO.

\_\_\_\_\_ YES

\_\_\_\_\_ NO

Please continue to Section D.

D.  **Copyright Infringement & Disgorgement of Profits:**

11.  If you answered "Yes" to Question No. 4, what amount of K&M's profits is Verragio entitled to from K&M's infringement of AFN-5013R-4?

   _____

12.  If you answered "Yes" to Question Nos. 6, 8 **or** 9, what amount of Walmart's profits is Verragio entitled to from Walmart's infringement of AFN-5013R-4?

   _____

SIGNED this ___ day of January 2023.

   _____
   JURY FOREPERSON