# EXHIBIT A

**VII.  STIPULATIONS OF FACT OR LAW [*REDACTED – PUBLIC DOCUMENT*]**

The Parties agree that the following facts or law are not in dispute:

1. Barry Nisguretsky is the owner of United States copyright registration VAu 1-027-588 for the ring known as AFN-5013R-4.

2. K&M ring style number 356787 is the ring accused by Verragio as infringing Verragio's copyright registration VAu 1-027-588 for the ring known as AFN-5013R-4.

3. Walmart is not an auctioneer.

4. On April 18, 2018, Verragio sent a cease and desist letter to the President and CEO of Walmart.

5. On June 11, 2018, Verragio sent a second cease and desist letter to the President and CEO of Walmart.

6. Walmart informed K&M of Verragio's infringement claim on July 10, 2018.

7. The retail price of the Accused Ring sold at Walmart stores was $8.88 per unit.

8. ■ Accused Rings were sold at Walmart stores between April 2017 and November 18, 2022.

9. Between July 11, 2018 and November 18, 2022, ■ Accused Rings were sold at Walmart stores.

The Parties disagree, however, as to whether the following facts should be presented to the jury as Stipulations of Fact or Law.

**Additional Stipulations Proposed By Plaintiff**

At the pre-trial conference hearing on January 11, 2021, the Court discussed the issue of the judicial admissions regarding the revenue generated by the sale of the Accused Ring and the net profit before the apportionment of profits, if any, is allocated. *See* January 11, 2021 Transcript, pp. 20-24. The Parties put forth their respective proposals in filings with the Court. Dkt. 163, 166. Unfortunately, although the facts below are not in dispute, the Parties cannot agree on whether the following facts should be presented to the jury as Stipulations Of Fact Or Law:

1. The net profit of Walmart for each Accused Ring sold at a Walmart store was $■■ before the apportionment of profits, if any, attributable to the alleged infringement. [Revised from Plaintiff's submission to the Court on January 19, 2021 (Doc. 166) to incorporate language recommended by Defendants in their submission to the Court on January 19, 2021 (Doc. 163)]

2. From April 2017 to November 18, 2022, Defendants' revenue from the sale of the Accused Ring was $■■■■■■■. [Revised from Plaintiff's submission to the Court on January 19, 2021 (Doc. 166)]

3. The net profit of Walmart for each Accused Ring sold at a Walmart store between April 2017 and November 18, 2022 was $■■■■■■ before the apportionment of profits, if any, attributable to the alleged infringement. [Revised from Plaintiff's submission to the Court on January 19, 2021 (Doc. 166)]

1519356.7

4. The net profit of K&M for each Accused Ring sold at a Walmart store between April 2017 and November 18, 2022 was $XXXX before the apportionment of profits, if any, attributable to the alleged infringement. [Revised from Plaintiff's submission to the Court on January 19, 2021 (Doc. 166)]

5. From July 11, 2018 to November 18, 2022, Defendants' revenue from the sale of the Accused Ring was $      . [Revised from Plaintiff's submission to the Court on January 19, 2021 (Doc. 166)]

**Additional Stipulations Proposed By Defendants**

At the pre-trial conference hearing on January 11, 2021, the Court discussed the issue of the judicial admissions regarding net profit before the apportionment of profits, if any, is allocated. *See* January 11, 2021 Transcript, pp. 20-24. The Parties put forth their respective proposals in filings with the Court. Dkt. 163, 166. Unfortunately, the Parties cannot agree on whether the following facts should be presented to the jury as Stipulations Of Fact Or Law:

1. The incremental profit of Walmart for each Accused Ring sold at a Walmart store was $   before the apportionment of profits, if any, attributable to the alleged infringement. [Revised from Defendants' submission to the Court on January 19, 2021 (Doc. 163)]