**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERRAGIO, LTD.,<br><br>                    Plaintiff,<br><br>-against-<br><br>WALMART STORES, INC. and K & M ASSOCIATES, L.P.,<br><br>                    Defendants. | Civil Action No.: 1:18-cv-10620-GHW<br><br>**REVISED SUMMARY OF FACTS FOR VENIRE AND REVISED SUMMARY OF THE LAW TO BE READ PRIOR TO OPENING STATEMENTS** |

On January 11, 2021, the Court emailed the parties a proposed Summary of Facts for Venire and proposed Summary of the Law to be Read Prior to Opening Statements. On January 14, 2021, Counsel for Defendants informed the Court that the parties had no proposed revisions to the Court's statements of fact and law, which was endorsed by the Court. Doc. 162.

In response to the Court's Order (Doc. 235), Plaintiff and counterdefendant Verragio, Ltd.'s ("Plaintiff" or "Verragio") position is that no change is needed. Defendants and counterclaimants Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") and K & M Associates, L.P. ("K&M") (collectively, "Defendants") submit their proposed revisions (in redline) to the Court's statements of fact and law.

**I.      Summary of Facts for Venire**

Plaintiff Verragio designs, manufactures, markets, and sells high-end bridal jewelry. Defendant K&M designs and distributes rings and other jewelry and accessories to retailers. Defendant Walmart Inc. operates retail stores and e-commerce sites. K&M

1744434.2

sells certain items, including rings, at Walmart.

Verragio asserts that it is the owner of a valid U.S. copyright registration for an engagement ring known as AFN-5013R-4. Verragio also asserts that Defendants, Walmart and its supplier K&M, have created, manufactured, distributed and sold a copy of that engagement ring in violation of Verragio's registered copyright. Verragio asserts that Defendants' ring infringes Verragio's copyright because Defendants' ring is substantially similar to Verragio's copyrighted ring design and has the same look and feel as Verragio's copyrighted ring. Verragio is seeking damages for this alleged infringement and has the burden of proving these claims.

Defendants deny the copyright infringement claim and assert that their rings are not substantially similar to Verragio's copyrighted design. Defendants also assert that Verragio's copyright registration is invalid and unenforceable because of a failure to disclose material information to the Copyright Office in the application to register the copyright. The Register of the Copyright Office has confirmed that if it had known that the copyrighted design was based on a preexisting and previously published design which the designer did not disclose to the Copyright Office as alleged by Defendants, the Copyright Office would not have issued the copyright registration. Defendants also contest what design is covered by Verragio's copyright registration.

Defendants also assert that Verragio's ring design was not a significant factor in customers' decisions to purchase the accused ring and that Verragio is not entitled to the damages it seeks, even if they are found liable for copyright infringement. Defendants

have the burden of proving these assertions. Verragio denies these assertions by Defendants.

## II. Summary of the Law to be Read Prior to Opening Statements

I will give you detailed instructions on the law at the close of the evidence. Those instructions will be the controlling statement of the law in this case and will guide your deliberations. Still, I am going to describe now the principal legal claims in this case. I will elaborate on this later. For now, I hope that this brief overview will help you to frame the evidence that you will see and hear over the next week or so.

Copyright covers creative works, which can include ring designs. To prove copyright infringement, a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of the plaintiff's work. The test for substantial similarity between two items is called the ordinary observer test. The ordinary observer test asks whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original expression from the copyrighted work. No civil action for infringement of the copyright shall be instituted until registration of the copyright claim has been made.  A certificate of registration satisfies this requirement unless the inaccurate information was included on

the application for copyright registration with knowledge that it was in accurate, and the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration, the copyright registration. To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work

One who reproduces, distributes or sells a copyrighted work without authority from the copyright owner infringes the copyright. To be liable for direct copyright infringement, the plaintiff must prove that the accused ring infringes the plaintiff's copyrighted design, and that the defendants are sellers of the accused rings. A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement. Finally, a person is liable for copyright infringement committed by another if the person knows or should have known of the infringing activity of another and induces, causes, or materially contributes to the infringing activity of another.

DATED:  December 5, 2022

Respectfully submitted,

**TUCKER ELLIS LLP**

By: */s/ Howard A. Kroll*
    Howard A. Kroll
515 South Flower Street, 42nd Floor
Los Angeles, CA  90071
Telephone:  213-430-3400
Facsimile:   213-430-3409
howard.kroll@tuckerellis.com

Attorneys for Plaintiff VERRAGIO, LTD.

**AMSTER, ROTHSTEIN & EBENSTEIN, LLP**

By: */s/ Anthony F. LoCicero*
    Anthony F. LoCicero
    Brian A Comack
90 Park Avenue
New York, NY  10016
Telephone:  212-336-8000
Facsimile:  212-336-8001

Attorneys for Defendants WALMART INC. F/K/A WAL-MART STORES, INC. and K & M ASSOCIATES, L.P.

1744434.3